# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BMO HARRIS BANK, NA,**
   Plaintiff,

  v.                 Case No. 18-CV-216

**AMC TRUCKING, INC. and AGRON SPAHIJA,**
   Defendants and Third-Party Plaintiffs,

  v.

**LAKESIDE INTERNATIONAL, LLC and NAVISTAR, INC.,**
   Third-Party Defendants.

---

## DECISION AND ORDER

---

### Background

According to the complaint, on May 25, 2017, AMC Trucking Inc. entered into a loan and security agreement with BMO Harris Bank regarding the purchase of two semi tractors. (ECF No. 1, ¶ 6.) On July 20, 2017, AMC and BMO Harris entered into a second loan and security agreement so that AMC could purchase five more semi tractors. (ECF No. 1, ¶ 13.) Each loan was personally guaranteed by Agron Spahija. AMC and Spahija allegedly defaulted on their agreements. (ECF No. 1, ¶¶ 27-28, 34.) Because BMO Harris has not been able to recover one of the semi tractors, in addition to seeking

damages for breach of contract it seeks replevin as to the semi tractor AMC and Spahija allegedly refuse to turn over to it. (ECF No. 1, ¶¶ 35-40.)

In answering the complaint, AMC and Spahija filed a third-party complaint against Lakeside International, LLC, the dealership that sold the semi tractors to AMC, and Navistar, Inc., the manufacturer of the semi tractors. (ECF No. 5.) AMC and Spahija allege that, because the semi tractors were defective, they "are entitled to indemnity and/or contribution from" Lakeside and Navistar regarding BMO Harris's claims. (ECF No. 5, ¶¶ 83-85.)

Lakeside and Navistar moved "for an order severing the Third-Party Complaint and dismissing it for lack of subject matter jurisdiction under Fed. R. Civ. P. 14(a)(4) and Fed. R. Civ. P. 12(b)(1)." (ECF No. 17 at 1.) AMC and Spahija oppose the motion. (ECF No. 26.) AMC and Spahija's response was untimely. Because they have not shown that the untimeliness was the result of excusable neglect, the response could be properly stricken. *See* Civ. L.R. 7(b); *see also, generally*, Fed. R. Civ. P. 6. However, because Lakeside and Navistar do not raise this issue, the court will not address it further.

AMC and Spahija contend that "the default on the loans occurred because the Equipment identified in the Complaint was defective and Lakeside and Navistar did not meet their obligations with respect to the warranty. In the interest of adjudicatory economy, the action must remain as one." (ECF No. 26 at 2-3.) They argue it will be more efficient to try these matters together because "[t]here are common issues of fact

and law." (ECF No. 26 at 3.) Moreover, they state, "[w]hile Lakeside and/or Navistar may not be a party to the Loan and Security Agreements entered into by and between BMO and AMC and Spahija on two separate occasions for the purchase of a total of seven trucks, the fact remains that the [sic] BMO provided funds to Lakeside and Navistar provided a warranty." (ECF No. 26 at 3.) In their view, "[t]he parties to the transactions are, without question, BMO, AMC, Spahija, Lakeside, and Navistar. They are interconnected and this action cannot be severed." (ECF No. 26 at 4.)

Lakeside and Navistar replied. (ECF No. 27.) The motion is ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 10, 11, 20.)

**Analysis**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[A] third-party action … presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." *Parr v. Great Lakes Exp. Co.*, 484 F.2d 767, 769 (7th Cir. 1973); *see also* 3 Moore's Federal Practice - Civil § 14.03 (2018) ("Impleader basically permits a defending party to join an absentee for the purpose of deflecting to that absentee all or part of its potential liability to the plaintiff on the underlying claim."). "A third-party complaint depends at least in part upon the resolution of the primary lawsuit. Its relation to the original complaint is

3

thus not mere factual similarity but logical dependence." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978) (internal citations omitted). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

AMC's and Spahija's claims are not properly asserted by way of a third-party complaint. If they are to be pursued, they must be pursued in a separate lawsuit. Although Lakeside and Navistar allegedly warranted the trucks BMO Harris financed for AMC and Spahija, there is no indication that, by virtue of any such warranty, Lakeside and Navistar agreed to somehow be liable for AMC's and Spahija's loan obligations. There is no "logical dependence" of the claims. *See Owen Equip. & Erection Co.*, 437 U.S. at 376. Whether Lakeside or Navistar breached a warranty due to AMC or Spahija does not affect whether AMC or Spahija owed a debt to BMO Harris. Conversely, BMO Harris's right to collect on its loans does not depend on whether Lakeside or Navistar breached a warranty to AMC or Spahija. There is no risk that inconsistent judgments might result if these cases proceeded separately.

AMC and Spahija have not identified, and the court has not uncovered, any case where a court has approved a third-party complaint on the theory that the third party's actions caused the default alleged in the underlying action. The court, however, has identified numerous decisions rejecting such attempts. For example, a defendant facing suit for his default on his student loans could not bring a third-party action against his former university on the theory that the university's breach of contract by not awarding

4

him a degree led to the default of his loans. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). Similarly, a defendant sued by a lessor after it defaulted on its lease for computer equipment cannot bring a third-party complaint alleging misrepresentation against the company that induced defendant to enter into the lease. *Wells Fargo Fin. Leasing, Inc. v. Tulley Auto. Grp., Inc.*, No. 16-cv-218-LM, 2017 U.S. Dist. LEXIS 141624, at *6-8 (D.N.H. Sep. 1, 2017); *see also Leasetec Corp. v. Inhabitants of Cty. of Cumberland*, 896 F. Supp. 35, 41 (D. Me. 1995) (holding that in action by lessor to recover unpaid lease payments lessee of computer equipment could not bring third-party complaint against party that allegedly provided defective software that prevented lessor's use of computer hardware). Nor can a lessee of medical equipment sue, by way of a third-party complaint in an action brought by the lessor against the lessee for default on the lease, the manufacturer and supplier of that equipment for its actions that allegedly caused its financial problems. *GE Healthcare Fin. Servs. v. EBW Laser, Inc.*, 225 F.R.D. 176, 179-80 (M.D.N.C. 2004); *see also Connell Bros. Co. v. Gannon Int'l, Inc.*, No. 4:10-CV-1795 (CEJ), 2011 U.S. Dist. LEXIS 63625, at *2-5 (E.D. Mo. June 16, 2011) (holding defendant debtor could not bring third-party complaint against entities whose alleged unlawful actions prevented debtor from paying loan).

Therefore, the court will grant Lakeside and Navistar's motion to sever AMC and Spahija's third-party complaint. The court will dismiss that action because the court concludes it lacks subject matter jurisdiction over it. AMC and Spahija do not allege any

federal cause of action. Rather, they assert that diversity of citizenship exists. They argue, "While AMC, Spahija, and Lakeside are all citizens of the State of Wisconsin, Navistar is a foreign corporation outside the State of Wisconsin and the matter in controversy exceeds $75,000.00." (ECF No. 26 at 6.) This, of course, would only establish that complete diversity of citizenship does *not* exist. Only if all defendants are citizens of states other than the states of which the plaintiffs are citizens does the court have jurisdiction under 28 U.S.C. § 1332. *See Dalton v. Teva N. Am.*, No. 17-1990, 2018 U.S. App. LEXIS 15008, at *3 (7th Cir. June 4, 2018).

Moreover, Lakeside is a limited liability company, and citizenship of an LLC is determined not by the state in which it is organized but by the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place*, LLC, 350 F.3d 691, 692 (7th Cir. 2003). The court has not been provided with information about who Lakeside's members are, much less their citizenship. However, in light of the fact that it is the obligation of the proponent of diversity (here, AMC and Spahija) to prove that complete diversity exists, *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997), and given that AMC and Spahija concede that Lakeside is a citizen of Wisconsin (ECF No. 26 at 6), the court will accept their concession and conclude that complete diversity is lacking.

**IT IS THEREFORE ORDERED** that Lakeside International LLC and Navistar, Inc.'s motion to sever the third-party complaint of AMC Trucking Inc. and Agron Spahija is granted pursuant to Fed. R. Civ. P. 14(a)(4).

**IT IS FURTHER ORDERED** that the action of AMC Trucking Inc. and Agron Spahija against Lakeside International LLC and Navistar, Inc. is dismissed for lack of jurisdiction.

Dated at Milwaukee, Wisconsin this 12th day of June, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge